UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SHENZHEN YOUHEMEI CULTURAL CREATIVE CO., LTD.**<br><br>Plaintiff,<br><br>-against-<br><br>**STORM PNEUMATIC TOOL CO., LTD.,**<br><br>Defendant. | 1:25-cv-06899 (ALC)<br><br>**ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

The Court hereby **GRANTS** Plaintiff's letter motion to serve Defendant electronically. ECF No. 5. Before permitting alternative service pursuant to Federal Rule of Civil Procedure 4(f), "[a] district court may require the parties to show that they have reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (internal quotation omitted). This requirement is not always imposed, especially when, as here, the defendant resides in a country which is not a signatory to the Hague Convention. *See Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 378 (S.D.N.Y. 2018) (finding no prior efforts required for Malaysia-based defendants). The remaining question then is whether the proposed means of service satisfy due process standards, which the Court finds they do. *Id.* at 379 (finding email service of online business comports with due process); *see also Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (same).

**SO ORDERED.**

Dated: September 15, 2025
      New York, New York

                                           **ANDREW L. CARTER, JR.**
                                           **United States District Judge**